

Dean Foran



OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1136
Re: Liability of the insurer for breach of contract of carriage by the insured under Form No. 76, Motor Bus Endorsement.

We are pleased to reply to your letter of July 18, 1939, wherein you ask certain questions relating to Form No. 76, which is the form of endorsement which the Railroad Commission requires to be attached to all public liability and property damage insurance policies covering motor busses operated under certificates of convenience and necessity. We quote from your letter as follows:

> ". . . we wish to ask the Attorney General of Texas the question as to whether or not the Form 76, submitted to you with our letter of July 7, is sufficient to cover possible liabilities in the future (a) arising out of the fact that the carrier did not carry the passenger at all as called for by the contract entered into between the carrier and passenger; (b) liabilities accruing to the passengers out of the failure of the carrier to carry the passengers all the way to the destination called for by the agreement between the carrier and the passengers, and (c) liabilities accruing to the passengers by reason of the carrier's failure to carry the passenger to his destination over the routes called for by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

COPY

> the agreement between the carrier and the passenger."

We are attaching to this opinion copy of your Form No. 76, so that the same may be referred to in conjunction with this opinion.

It is to be noted that all of the situations numbered (a), (b) and (c) in your letter are cases in which liability of the carrier might arise by reason of his breach of contract with the carrier, as distinguished from a tort liability arising by reason of personal injury or property damage "caused by accident and arising out of the ownership maintenance or use of the automobile".

Form No. 76 expressly provides for coverage of the insured for liability both as to bodily injury and property damage, limited however, to that "caused by accident and arising out of the ownership, maintenance or use of the automobile".

We are unable to find any provision in Form No. 76 which would cover the liability of the owner or operator of a motor bus arising by reason of his breach of contract of carriage, such as you have outlined in situations (a), (b) and (c). We have serious doubts whether such contract liability could be appropriately covered in a policy of liability insurance covering particular motor busses, as there would seem to be but little relationship between the tort liability which might arise from the operation of such busses and the liability arising by reason of breaches of contracts such as you outlined in your letter.

It is our opinion that Form No. 76 does not indemnify the insured against the liability arising in situations (a), (b) and (c) mentioned in your letter.

In your last paragraph you ask:

> "If the said Form 76 is not broad enough to cover these liabilities then we most respectfully request the Attorney General of Texas, as legal advisor to the Commission, to suggest such changes in Form 76 as he may think necessary to protect passengers with respect to the liabilities mentioned above."

Without passing on the question as to whether or not the Legislature might properly require motor bus companies to carry insurance or a bond to indemnify themselves against liability to passengers arising from breach of contract, such as you have outlined, we beg to advise you that it is our opinion that the Legislature has not so required, nor do we believe that under the present statutes it has delegated authority to the Railroad Commission so to require.

The Legislature has provided comprehensively for the regulation of motor bus transportation by Chapter 270 of the General and Special Laws of the Fortieth Legislature, which statutes, as amended, are to be found in Vernon's Revised Civil Statutes, as Article 911a. It is true that this Act confides the regulation of motor busses in the Railroad Commission of Texas, but it outlines with great particularity the method by which such regulation is to be effected. Section 11 of said Act expressly provides for the insurance protection required of motor bus companies, and includes liability, property damage, and workmens compensation insurance. Section 11 requires that owners or operators of motor busses must "procure liability and property damage insurance . . . to indemnify the applicant against loss by reason of any personal injury to any person for loss or damage to the property of any person other than the assured, or his employees . . . based on claims for loss or damage from personal injury, or loss of, or injury to, property occurring during the term of the said policy or policies, and arising out of the actual operation of such motor bus or busses . . ."

It is to be noted that no provision is found in Article 911a requiring the operator of a motor bus to carry insurance indemnifying him against liability arising out of breach of contract.

The only provisions in the Act from which a delegation to the Railroad Commission of authority to require such insurance might be inferred are:

> "Sec. 4.
> "(a) The Commission is hereby vested with power and authority, and it is hereby made its duty to supervise and regulate the public service rendered by every motor bus company operating over the highways in this State, . . .

"(d) The Commission is further authorized and empowered to supervise and regulate motor bus companies in all other matters affecting the relationship between such motor bus companies and the traveling public that may be necessary to the efficient operation of this law."

We do not believe that the two general provisions above quoted should be construed so as to give the Railroad Commission authority to place the added burden upon motor bus companies of carrying insurance against liability for breach of contract.

In view of the fact that the Legislature has, in Section 11 of the Act, expressly provided for various types of insurance to be carried by the motor bus companies, we believe that the rule of "inclusio unius, exclusio alterius" should apply to the general provisions contained in Subsections (a) and (d) of Section 4 of the Act above quoted.

In support of this conclusion we cite the following authorities:

39 Tex. Jur., p. 68:

"A delegation of power, when permitted, must be expressed by clear and express terms, or by clear implication. An administrative agency has only such authority, especially with respect to the regulation and control of private rights and property, as is clearly delegated, or necessarily implied from that expressly delegated. And when a statute delegating a power directs the manner of its exercise, that method is exclusive of all others."

In the case of Commercial Standard Insurance Company vs. The Board of Insurance Commissioners of Texas, 34 S.W. (2d) 343, the Court of Civil Appeals of Austin, in considering whether the Board of Insurance Commissioners had authority to prescribe the commission which insurance companies might pay their agents, said:

"And these statutes having undertaken in considerable detail to prescribe the powers and duties of the Board relative to such maximum rate

> only, without giving authority to them to fix or regulate the different elements of expense entering into that rate, must be construed as a legislative denial of such power. 25 R.C.L. 981; 36 Cyc. 1122."

> "The Board can exercise only the authority conferred upon it by law 'in clear and unmistakable terms, and will not be deemed to be given by implication, nor can it be extended by inference, but must be strictly construed'. 51 C.J. 56; State vs. Robinson (Tex. Sup. Ct.) 30 S.W. (2d) 292, 297."

Pierson, J., speaking for the Texas Supreme Court in the case of State vs. Robinson, 30 S.W. (2d) 292, in which it considered the scope of discretion granted to the Land Commissioner, said:

> "No authority can be exercised by the Commissioner of the General Land Office, except such as is conferred on him by law. His acts in excess of powers conferred are not official acts, and it is not necessary that the exercise of powers be negatived in order to restrain the scope of their exercise."

Other authorities to the same effect are:

> "The Railroad Commission is the delegated agency of the State to regulate, under the law, commerce over the State highways. It has no authority to do so other than that given it by the statutes." - Railroad Commission of Texas vs. Southwestern Greyhound Lines, 92 S.W. (2d) 296 (Baugh, J., Austin Court of Civil Appeals).

> "The Commission is a statutory body having only such powers as are expressly granted, or are necessary to effectuate the objectives of those expressly granted." - McClendon, C.J., Austin Court of Civil Appeals, Railroad Commission of Texas, et al. vs. Red Ar-

row Freight Lines, 96 S.W. (2d) 735, at p. 738.

In Lloyd's America vs. Brooks, 105 S.W. (2d) 660, the Texas Commission of Appeals had under consideration the effect of a rider on a truck insurance policy, which provided that the insured was indemnified also against loss for damage to the contents of the truck caused by acts of God, such as lightning, cyclone, etc. The rider provided that the policy "is to be construed in accordance with Section 13 of Article 911b". The Court held that the shipper could not sue the trucker and the insurer jointly, because Section 911b expressly provides that the insurer's liability arises only upon judgment against the insured. Taylor, J., at page 662, said:

> "It is conceded that the effect of the provisions contained in the endorsement is to extend the policy beyond that required by the statutes. It is settled that it was the legislative intent in the enactment of this Section of Article 911b, as it was in the enactment of Section 11 thereof, to deny the shipper the right to join the insurer as a co-defendant with the carrier."

And so the Court refused to give to the shipper the benefit of the unusually broad provisions of the insurance policy of the trucker, and restricted the shipper's rights to the limitations contained in Article 911b. Article 911b is the Act applying to motor trucks, and is analogous to 911a, which applies to motor busses.

We, therefore, advise you that Form No. 76, being the Motor Bus Endorsement for insurance policies on motor busses, may not be expanded so as to cover liability arising from the breach of contract of the operators of said busses, for the reason that the Legislature has not delegated the Railroad Commission the authority to require that type of insurance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch

Walter R. Koch

APPROVED AUG 4, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY RWF

WRK:FG